```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

N.B., individually and or      )   CIVIL 13-00439 LEK-BMK
behalf of his minor child,     )
Z.B.,                          )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
STATE OF HAWAII, DEPARTMENT    )
OF EDUCATION AND KATHRYN       )
MATAYOSHI, IN HER OFFICIAL     )
CAPACITY AS SUPERINTENDENT OF  )
THE HAWAII PUBLIC SCHOOLS,     )
                               )
          Defendant.           )
_____  )
```

**ORDER DENYING PLAINTIFFS' APPEAL OF THE
ADMINISTRATIVE HEARINGS OFFICER'S AUGUST 2, 2013
<u>FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION</u>**

Before the Court is an appeal pursuant to the Individuals with Disabilities Act ("IDEA") by Plaintiff N.B. ("Father"), individually and on behalf of his minor child, Z.B. ("Student," collectively "Plaintiffs"), of the Administrative Hearings Officer's ("Hearings Officer") August 2, 2013 Findings of Fact, Conclusions of Law and Decision ("Decision").[1] On March 31, 2014, Plaintiffs filed their Opening Briefing and, on May 16, 2014, Defendants Department of Education, State of Hawai`i, and Kathryn Matayoshi, in her official capacity as Acting Superintendent of the Hawai`i Public Schools (collectively

---

[1] The Decision is located in the Administrative Record on Appeal ("ROA") at 79-89.

"the DOE"), filed an Answering Brief.  [Dkt. nos. 20, 23.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the appeal, the opening and answering briefs, and the relevant legal authority, Plaintiffs' appeal of the Hearings Officer's Decision is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

Student is a seven-year-old boy diagnosed with Autism, who lived in Texas prior to moving to Maui on February 27, 2013.  [Decision at 3-4.]  Student was enrolled in school in Texas until February 26, 2013, and had a Texas Individualized Education Program ("IEP") valid from April 19, 2012 to April 18, 2013.  [Id..]  On or about January 1, 2013, Father moved alone to Maui to begin a new job, while Student, his sister, and his mother, C.B. ("Mother"), remained in Texas.  [Decision at 3.]

After two unsuccessful calls to the local public school in Maui ("the Home School"), Father spoke with the Student Services Coordinator ("SSC") for seven minutes, on February 20, 2013, starting at 1:06 p.m. ("the Phone Call").  [Decision at 3-4.]  He told the SSC that: he lived in Kihei; his family was relocating from Texas; and his son had an IEP.  He asked the SSC

2

what services the Home School could provide for Student. [Decision at 4.] According to Father, the SSC told him that he was welcome to bring the IEP to the Home School, but Student would need to be enrolled and, after enrollment, the Home School would "conduct their own assessments to determine whether or not [S]tudent was still eligible for a program and services under the IDEA." [Id.]

Father testified that it "really bothered him" that the post-enrollment assessment period could take up to sixty days, since a break in Student's program would be detrimental to Student. [Id.] However, neither Father nor Mother ever visited Home School or provided it with the IEP, and they never enrolled Student there. [Id. at 4-5.] Instead, Father located a private program for Student, and enrolled him in it starting in March 2013. [Id. at 5.] The Home School has no record of the Phone Call and the SSC testified that he had no recollection of it. [Id. at 5 & n.2.]

On May 1, 2013, Student, by and through Father, filed a Request for Impartial Hearing ("RIH"), and the hearing took place on June 25, 2013 and July 15, 2013. [Id. at 2-3.] The Hearings Officer issued her Decision on August 2, 2013,[2] finding that the DOE had no jurisdiction over Student, and thus had no obligation

---

[2] Plaintiffs moved to reconsider the Decision on August 12, 2013, [ROA at 90-97,] and the Hearings Officer denied the motion on August 21, 2013 [id. at 98-104].

to provide Student with a Free Appropriate Public Education ("FAPE"). [Id. at 8.] The DOE would have had an obligation to provide a FAPE only if Student had enrolled in a DOE school, and had notified the DOE that Student had a valid Texas IEP. [Id.]

Father filed the instant action on August 30, 2013 ("Complaint"), challenging the Decision under the IDEA, 34 C.F.R. § 300.1, *et seq.*, and Section 504 of the Rehabilitation Act of 1973. He generally disputes the findings of fact "[r]egarding the information and assertions during the August [sic] 20, 2013 telephone conversation between 'Father' and the 'SSC'," [Complaint at ¶ 4.A.,] and specifically disputes the following purported conclusions of law: Father's only contact with the DOE was the Phone Call; the DOE did not have jurisdiction over Student until his arrival on Maui; and the DOE was not required to provide a FAPE before enrollment and notification [id. at ¶¶ 6.A.-C.]. Father claims that the DOE denied Student a FAPE "because [Father] was informed that his son would not receive special education services for a minimum of 60-days, if he enrolled in public school." [Id. at pg. 4.]

Father requests the following relief: reversal of the Decision; an award of funding for private educational and related expenses until the start of the 2015-2016 school year; attorneys' fees and costs; and any additional appropriate relief. [Id. at pgs. 4-5.]

**STANDARD**

"The IDEA is a comprehensive educational scheme, conferring on disabled students a substantive right to public education." J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 432 (9th Cir. 2010) (quoting Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1300 (9th Cir. 1992) (citing Honig v. Doe, 484 U.S. 305, 310, 108 S. Ct. 592, 98 L. Ed. 2d 686 (1988))). It ensures that "all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living[.]" 20 U.S.C. § 1400(d)(1)(A).

The IDEA defines FAPE as:

special education and related services that —

> (A) have been provided at public expense, under public supervision and direction, and without charge;
>
> (B) meet the standards of the State educational agency;
>
> (C) include an appropriate preschool, elementary school, or secondary school education in the State involved; and
>
> (D) are provided in conformity with the individualized education program required under section 1414(d) of this title.

Id. at § 1401(9). To provide FAPE in compliance with the IDEA, a state educational agency receiving federal funds must evaluate a

student, determine whether that student is eligible for special education, and formulate and implement an IEP. See generally 20 U.S.C. § 1414.

The standard for district court review of an administrative decision under the IDEA is set forth in 20 U.S.C. § 1415(i)(2)(c), which provides:

> In any action brought under this paragraph, the court —
>
> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

This standard requires that "due weight" be given to the administrative proceedings. L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 908 (9th Cir. 2009) (some citations omitted) (quoting Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley, 458 U.S. 176, 206, 102 S. Ct. 3034, 73 L. Ed. 2d 690 (1982)). The amount of deference accorded is subject to the court's discretion. J.W., 626 F.3d at 438 (citation omitted). In reaching that determination, the court should consider the thoroughness of the hearings officer's findings, increasing the degree of deference where said findings are "thorough and careful." L.M., 556 F.3d at 908 (quoting Capistrano Unified Sch.

Dist. v. Wartenberg ex rel. Wartenberg, 59 F.3d 884, 892 (9th Cir. 1995)). "Substantial weight" should be given to the hearings officer's decision when it "evinces his careful, impartial consideration of all the evidence and demonstrates his sensitivity to the complexity of the issues presented." Cnty. of San Diego v. Cal. Special Educ. Hearing Office, 93 F.3d 1458, 1466-67 (9th Cir. 1996) (citation and quotation marks omitted)). Such deference is appropriate because, "if the district court tried the case anew, the work of the hearings officer would not receive 'due weight,' and would be largely wasted." Wartenberg, 59 F.3d at 891.

"Harmless procedural errors do not constitute a denial of FAPE. However, procedural inadequacies that result in the loss of educational opportunity . . . clearly result in denial of FAPE." Doug C. v. Haw. Dep't of Educ., 720 F.3d 1038, 1043 (9th Cir. 2013) (citations and internal quotation marks omitted).

The burden of proof in IDEA appeal proceedings is on the party challenging the administrative ruling. Hood v. Encinitas Union Sch. Dist., 486 F.3d 1099, 1103 (9th Cir. 2007) (citations omitted). The challenging party must show, by a preponderance of the evidence, that the hearing decision should be reversed. J.W., 626 F.3d at 438 (citation omitted).

**DISCUSSION**

Father has Student's best interests in mind. It is entirely understandable that Father was concerned that the Home School's assessment would result in a break in Student's program, which could be detrimental to Student and his educational progress. However, in order for this Court to reverse the Decision, it must find that the Hearings Officer made a legal or factual error. But neither the Complaint nor the Opening Brief identify how the Hearings Officer erred, and whether the error was factual or legal. While this Court has jurisdiction to hear Plaintiffs' appeal, see 20 U.S.C. § 1415(i)(2)(c), Plaintiffs must demonstrate that the Decision was erroneous and should be reversed. See J.W., 626 F.3d at 438. The Court cannot conclude that there is any evidence that the Hearings Officer made a contrary finding of fact, or any legal support showing that she misapplied the law.

Instead, it appears that Plaintiffs disagree with the Decision and the effects of the Decision. See, e.g., Opening Brief at 4 ("This was not an acceptable process to father."). They appear to argue for an extension of the law, requiring public schools to commit to providing a FAPE based on general inquiries from prospective students' parents. See id. at 6 ("The DOE failed to inform parents that they could implement the Texas IEP and in so doing denied Student a FAPE."). While it is

understandable why Plaintiffs feel the law should be so, it is not what the law provides.

Plaintiffs are correct that IEPs "follow special education students when they move to another state." See, e.g., A.F. v. Hamamoto, No. CV 07-00278 JMS KSC, 2007 WL 2684133, at *6 (D. Hawai`i Sept. 7, 2007). But it is enrollment, and not a phone inquiry, that triggers a FAPE, and implementation of the IEP in the new school district:

> IEPs for children who transfer from another State. If a child with a disability (who had an IEP that was in effect in a previous public agency in another State) **transfers** to a public agency in a new State, **and enrolls** in a new school within the same school year, the new public agency (in consultation with the parents) must provide the child with FAPE (including services comparable to those described in the child's IEP from the previous public agency), until the new public agency –
>
> (1) Conducts an evaluation pursuant to §§ 300.304 through 300.306 (if determined to be necessary by the new public agency); and
>
> (2) Develops, adopts, and implements a new IEP, if appropriate, that meets the applicable requirements in §§ 300.320 through 300.324.

34 C.F.R. § 300.323(f) (emphases added). Plaintiffs quote this Regulation and argue that "[t]he law is clear[.]" Opening Brief at 2-3. However, this Regulation does not support that the Hearings Officer erred; nor does it confer on the SSC a duty to provide a FAPE to Student before he transferred and enrolled in a DOE school. This regulation provides the opposite: that the DOE

9

did not owe Student a FAPE at the time of the Phone Call.

Since there is no showing that the Hearings Officer erred in applying the facts or the law, the Court must DENY Plaintiffs' appeal.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' appeal of the Hearings Officer's Decision, filed August 30, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 21, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**N.B. VS. STATE OF HAWAI`I, ET AL.; CIVIL 13-00439 LEK-BMK; ORDER DENYING PLAINTIFFS' APPEAL OF THE ADMINISTRATIVE HEARINGS OFFICER'S AUGUST 2, 2013 FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECISION**